129 F.3d 130
 97 CJ C.A.R. 2567
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chester C. LYONS, Plaintiff-Appellant,
James SAFFLES; Larry Fields, Director of Department of
Corrections; Ron Ward, Warden of O.S.P.; Delores Ramsey,
also known as Delose Ramsy, Deputy Director of D.O.C.;
Michael Cody, also known as Michell Cody, Warden, Warden of
Lexington Correctional Center; Ericka Dunn, Unit Manager of
Lexington Correctional Center; Ed Madden, Case Manager
L.C.C.; Bobby Boone, Warden, Mack Alford Correctional
Center; Jim Wallace, Unit Manager at MACC; Ron Champion,
Warden at Dick Connors Correctional Center (DCCC); Tim
Pozvic, Unit Manager at DCCC; Anita Vooten, Case Manager at
DCCC, Defendants-Appellees.
 No. 97-7031.
(D.C.No. CV-95-190-B)
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1997.
 
 Before ANDERSON, HENRY and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 3
 Plaintiff Chester Lyons, an inmate proceeding pro se, brought this 42 U.S.C. § 1983 action, alleging constitutional violations during his incarceration. The district court dismissed the action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, Lyons contends prison officials violated his due process and Eighth Amendment rights by reclassifying him at a different security level and transferring him to a different correctional facility, and that his reclassification resulted in ex post facto punishment.
 
 
 4
 As a general rule, a prisoner has no legally protected property or liberty interest in a particular security classification or the location of confinement. See Sandin v. Conner, 515 U.S. 472 (1995). Due process rights of prisoners are subject to reasonable limitations or restrictions in light of legitimate security oncerns. Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir.1996).
 
 
 5
 "Under § 1915(d), a district court may dismiss an in forma pauperis action as frivolous if the 'claim [is] based on an indisputably meritless legal theory' or if it is founded on 'clearly baseless' factual contentions." Schlicher v. Thomas, 111 F.3d 777, 779 (10th Cir.1997) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). We review the district court's § 1915(d) order of dismissal for abuse of discretion, Denton v. Hernandez, 504 U.S. 25, 33 (1992), and affirm for substantially the same reasons set forth in its order dated January 7, 1996.
 
 
 6
 AFFIRMED. This appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3